UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID RENE GUEVARA MARROQUIN,<br>Petitioner,<br>v.<br>WARDEN NORTHWEST ICE PROCESSING CENTER et al.,<br>Respondents. | CASE NO. 2:26-cv-04431-LK<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND TO APPOINT COUNSEL |

This matter comes before the Court on Petitioner David Rene Guevara Marroquin's petition for a writ of habeas corpus, Dkt. No. 1, his motion for a temporary restraining order ("TRO"), Dkt. No. 3, and his motion to appoint counsel, Dkt. No. 4. For the reasons set forth below, the Court denies the petition and both motions.[1]

## I. BACKGROUND

The background facts are set forth in the Court's prior order regarding Petitioner's first petition for a writ of habeas corpus and will not be repeated here. *See Guevara Marroquin v.*

[1] The Court declines to hold an evidentiary hearing because the record is sufficient for adjudication of the petition. *See Owino v. Napolitano*, 575 F.3d 952, 954 (9th Cir. 2009).

*Warden*, 2:26-cv-03265-LK, 2026 WL 3229547 (W.D. Wash. Oct. 28, 2026). On October 28, 2026, the Court denied Petitioner's first petition for a writ of habeas corpus, finding that he is lawfully detained under Section 1226(a) and Respondents have provided him with the process owed to him under the Due Process Clause. *See generally id.*

On November 13, 2026, just weeks after the Court denied his first habeas petition, Petitioner filed this one. Dkt. No. 1.[2] Respondents have not yet filed a return or a response to the motions. Because Petitioner filed a motion for a TRO but is not entitled to relief, the Court addresses his petition and motions expeditiously without awaiting a response.

## II. DISCUSSION

Petitioner contends that although the Court denied his prior petition, "[t]his petition concerns the legal authority governing [his] custody following the October 16, 2026 removal order, the presently unverified status of [his] administrative appeal, and whether any material postjudgment development establishes a detention claim distinct from those previously adjudicated." Dkt. No. 1 at 2. Specifically, he states that on October 16, 2026, "the Tacoma Immigration Court denied [his] application for cancellation of removal" and "ordered [his] removal to Guatemala." *Id.* at 8. Although he filed an appeal to the Board of Immigration Appeals ("BIA"), he is unsure if the BIA accepted his appeal as timely. *Id.* Petitioner notes that if the appeal was accepted, he is still being held under Section 1226(a), whereas if the BIA did not accept his appeal, he may be subject to a final order of removal and detained under Section 1231. *Id.* Petitioner also contends that regarding his first petition, he "did not receive correspondence necessary to prepare [his] final reply, or traverse." *Id.* at 7; *see id.* at 11.

[2] Petitioner has also filed at least one other habeas petition, *Guevara Marroquin v. LNU et al.*, No. 2:26-cv-02666-MIS-JHR (D.N.M.), which was dismissed on September 23, 2026 because the Court "could not discern a basis for habeas relief based on the facts alleged in the Petition." *Id.*, Dkt. No. 5.

Petitioner asks the Court to determine whether his current habeas petition "presents a new, properly cognizable claim," and seeks an order requiring Respondents to "identify and substantiate the statutory basis" for his detention and to release him. *Id.* at 15. Alternatively, he seeks a bond hearing. *Id.*

**A. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation

proceedings, but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

**B. The Court Denies the Habeas Petition and the Motion for a Temporary Restraining Order**

Even assuming that the abuse of the writ doctrine does not bar this third petition, the Court denies it on the merits. Petitioner seeks a ruling clarifying whether he is currently detained under Section 1226(a) or 1231, Dkt. No. 1 at 8, 15, but the Court's role is to determine whether he is held in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). He is not. If he is still detained under Section 1226(a), his detention is lawful for the reasons the Court explained in its prior order. *See Guevara Marroquin*, 2026 WL 3229547. If he now has a final order of removal, then he is subject to mandatory detention under Section 1231. *See, e.g.*, *Fernandez v. Scott*, No. 2:26-CV-00043-LK, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026). Petitioner also seeks to challenge his July 17, 2026 bond proceedings, Dkt. No. 1-1 at 7–8, but the Court's prior order addressed that issue, *Guevara Marroquin*, 2026 WL 3229547, at *2–5.

While the Court is sympathetic to Petitioner's contention that he "did not receive correspondence necessary to prepare [his] final reply, or traverse" regarding his first habeas petition, Dkt. No. 1 at 7, he has not shown that that issue justifies habeas relief now (or a reopening of his prior petition). Even considering all the lengthy materials he has filed with his current petition, Dkt. Nos. 1, 1-1, 3, 4, he has not shown that he is entitled to habeas relief. Accordingly, the Court denies the habeas petition.

Finally, Petitioner asks the Court to issue a TRO "only if the Court finds a properly presented, legally cognizable claim and sufficient evidence establishing likelihood of success or serious questions on its merits." Dkt. No. 3 at 6. The Court finds that Petitioner has not shown a

likelihood of success for the same reasons he is not entitled to a writ of habeas corpus. The Court thus denies the motion for a TRO.

**C. The Court Denies the Motion to Appoint Counsel**

Petitioner has also filed a motion to appoint counsel. Dkt. No. 4. He contends that he needs counsel based on his financial hardship, his presentation of "significant legal questions concerning immigration detention authority," and his "limited access to legal materials, language barriers, and procedural difficulties" which have "substantially impaired [his] ability to investigate and litigate the legality of [his] confinement." *Id.* at 2.

There is no constitutional right to appointment of counsel in actions brought under Section 2241, and the Court finds that appointment of counsel is not warranted here. There is no indication that Petitioner is financially eligible for the appointment of counsel. He has paid the filing fee, Dkt. No. 1, and he has not applied to proceed in forma pauperis. Furthermore, Petitioner has ably represented himself in his prior petitions and this one, and as set forth above, his current petition lacks merit. Accordingly, the Court denies his motion to appoint counsel.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's petition, Dkt. No. 1, his motion for a temporary restraining order, Dkt. No. 3, and his motion to appoint counsel, Dkt. No. 4.

Dated this 16th day of November, 2026.

Lauren King
United States District Judge